**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NELSON EDWARD DUSENBERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:25-cv-04595 (UNA) |
| v. | ) | |
| | ) | |
| DONALD J. TRUMP, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Amended Complaint, ECF No. 4, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application, and for the reasons discussed below, dismisses this case without prejudice.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a prisoner currently in the custody of the Texas Department of Criminal Justice, sues the President of the United States. The Amended Complaint is rambling, disorganized, and difficult to follow. At root, Plaintiff's putative claims are founded in his belief that, because he has sought to expose the President for various "nefarious deeds," the President has orchestrated a wide-scale conspiracy with "state and federal agents" and "unnamed minions" against him to cause him myriad injuries, including, but not limited to, taking extreme measures to "silence" him,

delaying or otherwise interfering with cases that he has filed in this District, and leaving him "for dead" in prison, alienating him from his family, and harming his reputation. He demands $1 billion in damages.

As here, the Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The Amended Complaint falls squarely into this category.

Accordingly, this case is dismissed without prejudice. Plaintiff's Motion to Issue Summons and to Appoint Counsel, ECF No. 5, is denied as moot, and his Motion for Extension of Time to Comply with the Court's Order, ECF No. 6, is denied because, until now, the Court has not issued any order in this case. A separate Order accompanies this Memorandum Opinion.

TREVOR N. McFADDEN
United States District Judge

Date: October 20, 2026